Peck, J.
delivered the opinion of the Court.
William E. Williams sued out his warrant from before a justice of the peace against John Fitzgerald as principal debtor, and Philip Johnston his security. When the process was served upon Johnston he gave notice to the officer that the judgment to be rendered should not be stayed on his credit; but the execution was stayed and C. D. M’Lain became security. At the expiration of the stay execution issued out against Fitz *163 gerald, Johnston, and M’Lain, and is levied on Johnston’s property; Johnston obtains a certiorari and supersedeas by which the cause is taken to the County Court, where a motion is made to dismiss the certiorari and super-sedeas ; the Court dismissed as to Fitzgerald and M’Lain, hut retained the supersedeas as to Johnston. Appeal to the Circuit Court.
Note. — Mr. Meigs (Dig. p. 77) extracts from this case the following rule : —
“ A judgment to supersede an execution is final, and an appeal will lie from it.”
On the contrary, Mr. Heiskell (Dig. p. 150) reads the point thus : —
“ But an order refusing to dismiss a certiorari and supersedeas was held final. Sed query ? ”
Again, Mr. Meigs (Dig. p. 4) abstracts the principal point in Reed v. Brewer, Beck, 275, in this way : —
“ If a writ be issued before the cause of action accrued, this is matter in abatement, and must be so pleaded, and is waived by pleading to the action.”
Whereas, Mr. Heiskell (Dig. p. 21) says, justly, I think, that no such point is decided.
It is some consolation to find, as I do in these and a few other instances, such learned doctors differing in their reading of cases. Bor if they — now one and now the other — sometimes nod, an humble follower in their footsteps may well be allowed occasionally to nap, as, I fear, he will be found too often to have done. — Ed.
The Circuit Court was of opinion that there was'aio final judgment rendered, for which cause the case was remanded, from which determination this writ of error is brought.
This writ of certiorari is founded on the provision contained in the Act of 1820, ch. 24, which provides that where principal and security are sued and execution shall be stayed without the request or consent of the security that such security shall be exonerated, unless the principal and security for the stay shall both become insolvent.
This Court is of opinion that on a proper case made out the certiorari and supersedeas may be resorted to ; that when the writs are resorted to, the point for the Court to inquire into is, whether or not the first security is entitled to relief; when the Court shall have determined that question it is such a determination as an appeal will lie from; and the record is taken up, not to try the cause de novo, because the judgment is not complained of, hut to examine if the supersedeas shall be made effectual in securing to the security the benefit of the Act in question.
For this cause, we are of opinion, the Circuit Court erred in remanding the cause for further proceeding. But this Court, proceeding to give the judgment the Circuit Court ought to have given, do dismiss the certiorari and supersedeas, because the Court are clearly of opinion that, in all cases where a security wishes to show his dissent to the stay of the execution under this Act, he must appear and enter such dissent before the justice, so that it may appear of record, otherwise the inquiry before the Court must and would be endless.
Let the writs be dismissed.